ROBERT DE MICHAEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Michael v. Commissioner
Docket No. 9073-78.
United States Tax Court
T.C. Memo 1980-510; 1980 Tax Ct. Memo LEXIS 73; 41 T.C.M. (CCH) 374; T.C.M. (RIA) 80510; November 19, 1980, Filed *73 Robert De Michael, pro se. Alan J. Pinner, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1973 in the amount of $1,985. The sole issue to be decided is the correct amount of Petitioner Robert De Michael's distributive share of a partnership loss. FINDINGS OF FACT Petitioner Robert De Michael (herein petitioner) resided in Canyon County, California, when he filed his petition herein. He filed a Federal income tax return for the taxable year 1973. During 1973, petitioner was a general partner in a partnership known as Data Repair, owning a 30 percent interest therein. Data Repair filed a U.S. Partnership Return of Income for the taxable year 1973 in which it claimed a deduction for administrative expenses of $53,999. The deduction for administrative expenses resulted from an error made by the accountant for Data Repair and Data Repair was not entitled to claim the deduction. Petitioner's share of the erroneous deduction was $21,060. On his Federal income tax return for the taxable year 1973, petitioner reported $23,982 *74 as his distributive share of the partnership loss of Data Repair for the taxable year 1973. The Commissioner, in his statutory notice of deficiency mailed to petitioner, determined that Data Repair was not entitled to claim overhead expenses to the extent of $54,000, thus decreasing petitioner's share of the partnership loss from $23,982 to $2,922. OPINION The burden of proof is upon petitioner to show that he is entitled to a loss claimed on his income tax return. Burnet v. Houston,283 U.S. 223 (1931); Rule 142(a), Tax Court Rules of Practice and Procedure. It was, therefore, incumbent upon petitioner to prove that Data Repair was entitled to deduct $53,999 as administrative or overhead expenses in order to be entitled to deduct his share of the expenses on his income tax return. Petitioner offered no proof other than his testimony. Respondent called as a witness the accountant for Data Repair who testified that the administrative expenses of $53,999 claimed by Data Repair were instead incurred by Data Leasing, a corporation, and were, therefore, erroneously claimed by the partnership. The partnership information return for Data Repair for 1973 was prepared *75 under the supervision of the accountant who testified. The evidence offered by respondent establishes that Data Repair was not entitled to the deduction for administrative expenses of $53,999 and petitioner is not, therefore, entitled to deduct his share of the erroneous deduction. Decision will be entered for the respondent.